NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 29 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALEX MARQUEZ,<br><br>　　　　　　　Petitioner-Appellant,<br><br>　v.<br><br>E. K. MCDANIEL and ATTORNEY GENERAL FOR THE STATE OF NEVADA,<br><br>　　　　　　　Respondents-Appellees. | No.　17-15154<br><br>D.C. No.<br>3:15-cv-00492-MMD-VPC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted June 15, 2018**
San Francisco, California

Before: SCHROEDER, EBEL,*** and GOULD, Circuit Judges.

Without having the benefit of our decisions in *Smith v. Williams*, 871 F.3d

---

*　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

***　　The Honorable David M. Ebel, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

684 (9th Cir. 2017), and *Gonzalez v. Sherman*, 873 F.3d 763 (9th Cir. 2017), the district court denied Alex Marquez's petition for habeas relief on grounds that it was not filed within the one-year period for seeking federal habeas relief set forth in 28 U.S.C. § 2244(d)(1). We reverse, because Marquez's petition was timely.

Marquez's initial judgment of conviction became final on August 4, 2008. That judgment contained an unlawful sentence, so an amended judgment was entered on December 8, 2008, that corrected this error. On March 11, 2009, Marquez filed for post-conviction relief, tolling the running of the one-year statute of limitations. Marquez's petition for post-conviction relief was denied by the state trial court and that decision was affirmed by the Nevada Court of Appeals on February 24, 2015. Remittitur issued on March 24, 2015, restarting the running of the statute of limitations. The district court received the petition on September 24, 2015. Under these circumstances, Marquez's petition is timely if the statute of limitations runs from the date of the amended judgment, and not from the date of the initial judgment.

We hold that the one-year period runs from the date of the amended judgment, and that therefore Marquez's petition was timely. In *Smith v. Williams*, we held that for purposes of determining the start of the one year statute of limitations for filing a habeas petition under 28 U.S.C. § 2244(d)(1), the relevant judgment is the one under which a prisoner is being held. 871 F.3d at 688. Where

an amended or corrected judgment is entered, a prisoner is held under that amended or corrected judgment. *Id*. Here, the December 8, 2018 judgment made a substantial change in Marquez's sentence by removing an unlawful 120 month sentencing enhancement. "[A] change to a defendant's sentence is a change to his judgment." *Gonzalez v. Sherman*, 873 F.3d at 769. Because it effected a change in his sentence, the December 8, 2008 judgment is a new judgment under which Marquez is being held, and Marquez's petition is timely. We remand for further proceedings.[1]

       **REVERSED and REMANDED.**

---

[1] Appellant's Motion to Supplement the Record on Appeal (Dkt. 11), which was not opposed, is GRANTED.